AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 19-6479-SNOW |
| LISA MARIE ANDERSON | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 8, 2019** in the county of **Broward** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 United States Code, Sections 952(a) and 841(a)(1) | Importation of a Schedule II controlled substance, that is 500 grams or more of a mixture and substance containing a detectable amount of cocaine; Possession with intent to distribute a Schedule II controlled substance, that is 500 grams or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lester Vega, Supervisory CBP Officer, ICE/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/9/19

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

Your affiant, Lester Vega, first being duly sworn, states as follows:

1) I am a Supervisory U.S. Customs and Border Protection ("CBP") Officer currently assigned as a Task Force Officer to the Department of Homeland Security, Homeland Security Investigations ("HSI") in Fort Lauderdale, Florida, and have been so since May 2019. Prior to my current assignment with HSI, I was a Supervisory CBP Officer assigned to Miami International Airport since 2003. During this time, I have received extensive training and have been assigned to assist with conducting investigations of criminal violations of the United States Code concerning illegal drug trafficking, importation of narcotics into the United States and criminal violations of immigration laws. Furthermore, I am trained and experienced in the methods drug traffickers use to import, conceal, process, package, warehouse and distribute controlled substances.

2) This affidavit is made in support of a criminal complaint against Lisa Marie ANDERSON. As set forth below, I respectfully submit there is probable cause to believe ANDERSON did knowingly and intentionally possess with intent to distribute and import into the United States from a place outside thereof a schedule II controlled substance, that is a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code (U.S.C.), Section 952(a) and Possession with intent to distribute a schedule II controlled  controlled substance in violation of Title 21, United States Code, Section 841(a)(1). This affidavit is based upon my personal knowledge, as well as information provided to me by other law enforcement personnel. Because this affidavit is

1

submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me as it relates to this matter.

3) On October 8, 2019, ANDERSON, a citizen of the Jamaica, arrived in the United States at the Fort Lauderdale/Hollywood International Airport ("FLL"), in Broward County, in the Southern District of Florida, from Kingston, Jamaica, on board Jet Blue flight #1676. ANDERSON was selected for an enforcement examination by a CBP Officer.

4) During a secondary CBP inspection, a CBPO found ANDERSON to be in possession of a blue "JingPin" brand suitcase with a checked luggage tag with her name on it. When a CBPO asked her if the suitcase belonged to her, ANDERSON responded "Yes". When a CBPO asked ANDERSON if everything in the suitcase belonged to her and if she packed it herself, ANDERSON responded "Yes".

5) A CBPO opened ANDERSON's suitcase and found (3) pairs of shoes which were subsequently X-rayed revealing anomalies within the shoes. Probing of the shoes produced a powdery substance which field tested positive for the presence of cocaine hydrochloride. A CBPO also drilled ANDERSON's suitcase rail revealing a powdery substance which also tested positive for the presence of cocaine hydrochloride. A total of (7) packages of cocaine were found inside the shoes (three pairs) which were weighed for a total of .704 kilograms. The rails were removed from the suitcase and weighed for a total of .793 kilograms. The total amount of cocaine recovered was 1.497 kilograms which field tested positive for cocaine.

6) On October 8, 2019, ANDERSON was advised of her Miranda rights. ANDERSON agreed to waive her Miranda rights and spoke voluntarily with law

2

enforcement personnel. ANDERSON stated someone she has known for several years, provided ANDERSON with the suitcase and shoes believed to contain an illegal substance this morning in Jamaica. ANDERSON stated she agreed to transport the luggage with the three pairs of shoes in exchange for $1,500 US Dollars. When asked about the cocaine found in the shoe soles and suitcase rails, ANDERSON stated she didn't know specifically about the cocaine, but suspected there was an illegal substance.

7) Based on the foregoing facts, your affiant respectfully submits there is probable cause to believe that on or about October 8, 2019, ANDERSON did import into the United States from a place outside thereof a controlled substance, that is 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952 (a) and Possessed with Intent to Distribute a controlled substance, that is 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NAUGHT

_____
Lester Vega, Supervisory CBP Officer
Immigration & Customs Enforcement
Homeland Security Investigations

Sworn to and subscribed before me
this ___ day of October, 2019.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

3